IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| **U.S. Equal Employment Opportunity Commission,**  )<br>George H. Fallon Federal Building  )<br>31 Hopkins Plaza, Suite 1432  )<br>Baltimore, MD 21201  )<br>  )<br>**Plaintiff,**  )<br>  )<br>v.  )<br>  )<br>**Dolgencorp, LLC, t/a Dollar General Stores Inc.,**  )<br>C/O CSC Lawyers Incorporating Service, Co.  )<br>7 St. Paul Street, Suite 820  )<br>Baltimore, MD 21202  )<br>  )<br>**Defendant.**  )<br>_____ ) | Civil Action No.<br><br><br><br><br><br>**COMPLAINT**<br><br><br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Amber Olsen ("Olsen") who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("the EEOC" or the "Commission") alleges that Dolgencorp, LLC, t/a Dollar General Stores Inc. ("Defendant" or "Dollar General") unlawfully discriminated against Olsen by sexually harassing and constructively discharging her.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(l) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(l) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission, is the Agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(l) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(l) and (3).

4. At all relevant times, Defendant has continuously been a Tennessee Corporation with at least fifteen (15) employees doing business within Maryland.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b),(g) and (h) of Title VII, 42 U.S.C. § 2000e(b)(g), and (h).

6. More than 30 days prior to the institution of this lawsuit, Olsen filed a charge with the Commission alleging violations of Title VII by Defendant.

7. On August 2, 2018, the Commission issued Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated Title VII and inviting Defendant to join with the Commission in informal methods of conciliation to eliminate the discriminatory practices and provide appropriate relief.

8.     The Commission communicated with Defendant and provided Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9.     The Commission was unable to secure a conciliation agreement from Defendant that was acceptable to the Commission.

10.    On August 30, 2018, the Commission issued a Notice of Failure of Conciliation to Defendant.

11.    All conditions precedent to the initiation of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12.    Since at least June 2016, Defendant has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-3(a)(l) by subjecting Olsen to sexual harassment and constructively discharging her.

    a.     On May 28, 2016, Defendant hired Olsen as the assistant store manager for its Rock Hall, Maryland (Kent County) location (Store No. 14491) where she reported to Store Manager Darrel Moses ("Moses").

    b.     Within a week of her hire, Moses began making frequent sexually charged comments and innuendos to Olsen about her physical appearance. For example, on or around June 6, 2016, Moses commented on how "good [Olsen's] butt" looked in her pants as she walked out of the employee office. A few days later, on or around June 9, 2016, while Olsen and Moses were stocking shelves, Moses, who is African American, grabbed a can of Noir Sausages and asked Olsen if she "wanted [his] black sausage." Moses then simulated having sex with a nearby shelf.

  c. Soon after, Moses escalated his harassment of Olsen to physical touching. In one instance, while Olsen was completing computer training for her new job, Moses sat in front of her to demonstrate the next training task. When Olsen moved her chair to see what Moses was showing her on the computer, her knee bumped his leg. Moses grabbed Olsen's right knee and told her she could "touch him any time [she] wanted." On numerous other occasions Moses rubbed Olsen's shoulders without her consent.

  d. In mid-June 2016, Olsen made a comment about her knees hurting her while crouching to stock shelves. In response, Moses, who was standing nearby, grabbed her head and forced it into his crotch, stating, "You can get down on your knees for me anytime baby."

  e. Also in mid-June, Moses—who knew Olsen was in a committed relationship—texted her to ask if she would get a drink with him after work. She did not respond.

  f. On or around June 28, 2016 while standing near Moses, Olsen noticed that a button on her blouse was undone. When she turned away from him to refasten it, Moses caught her shoulder and ripped at her blouse, stating that she did not need to button her shirt because he "liked it the way it [was]."

  g. Shortly after the blouse incident, on or around June 29, 2016, Olsen reported Moses' inappropriate sexual behavior to Defendant's Chestertown store manager Michelle Miller; District Manager Nathan Rheiner; and human resources.

      h.      On July 3, 2016, Defendant transferred Olsen to the Chestertown store; the only other Dollar General store in Kent County. The transfer required earlier, less convenient hours and added an hour to Olsen's daily commute.

      i.      On July 8, 2016, Olsen took medical leave related to the sexual harassment she had endured. After she returned to work on July 21, 2016, she repeatedly sought information regarding her sexual harassment complaint, but received no definitive response. Olsen also complained about the burdens the transfer had imposed on her in terms of commute time and scheduling difficulties and asked when she could be transferred back to the Rock Hall store.

      j.      Moses continued to work at the Rock Hall store.

      k.      On July 31, 2016, while Olsen was working at the Chestertown store, she heard the front door open and looked up to see Moses walking towards her staring and smiling at her.

      l.      Olsen believed that Dollar General management had deliberately sent Moses to her Chestertown store. She also believed—based on Defendant's inadequate response to both her complaints against Moses and her inquiries regarding a transfer back to the Rock Hall store—that she would not be able to continue working for Defendant, even at the Chestertown store, without being subjected to harassment. Accordingly, Olsen felt compelled to resign to avoid further harassment, and did so that same day.

13.      The effect of the practices complained of above in paragraph 12 has been to deprive Olsen of equal employment opportunities and otherwise adversely affect her status as an employee because of her gender.

14. The unlawful employment practices complained of above were intentional.

15. The unlawful employment practices complained of above were done with malice or with reckless indifference to the Olsen's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in sexual harassment;

B. Order Defendant to institute and carry out policies, practices, and programs which prevent sexual harassment;

C. Order Defendant to implement non-discriminatory objectives, written policies and practices regarding the terms and conditions of employment and sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and informs all employees that Defendant will not tolerate sexual harassment;

D. Order Defendant to make Olsen whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement;

E. Order Defendant to make Olsen whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12 above;

F.  Order Defendant to make Olsen whole by providing compensation for past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in an amount to be proven at trial;

G.  Order Defendant to pay Olsen punitive damages for its callous indifference to her federally protected right to be free from sexual harassment;

H.  Grant such further relief as the Court deems necessary and proper in the public interest; and

I.  Award the Commission its costs in this action.

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*/s/ D. Lawrence /MS/*
DEBRA M. LAWRENCE
Regional Attorney

*/s/ M. Salacuse/*
MARIA SALACUSE
Supervisory Trial Attorney
Federal Bar No. 15562

/s/ Lauren J. Kelleher
LAUREN J. KELLEHER
Trial Attorney

UNITED STATES EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION

Baltimore Field Office

George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201-2525
phone: 410-209-2791 | fax: 410-962-4270
lauren.kelleher@eeoc.gov