## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

December 23, 2019

LETTER TO COUNSEL

RE:     *Equal Employment Opportunity Commission v. Dolgencorp, LLC.*,
        Civil No. SAG-18-2956

Dear Counsel:

I have reviewed the Motion for Protective Order and For Order to Quash Subpoena to Kent Center ("the Motion") filed by Plaintiff Equal Employment Opportunity Commission ("EEOC"). ECF 31. I have also reviewed the opposition filed by Defendant Dolgencorp, LLC ("Dolgencorp"), ECF 33, and EEOC's reply, ECF 34. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth herein, the Motion will be granted.

In this case, EEOC alleges that Dolgencorp, through its Dollar General store manager, Darrel Moses, created a sexually hostile work environment and constructively discharged an assistant store manager, Amber Jacobs.[1] ECF 1. According to the parties' representations, at the deposition of Ms. Jacobs, she testified that during her tenure working as a Certified Nursing Assistant ("CNA"), prior to her employment at Dollar General, she performed work at the Kent Center, Inc. ("Kent Center"), a nonprofit in Chesterton, Maryland. ECF 33 at 1-2. During the deposition of Mr. Moses, he testified that his wife had worked at the Kent Center along with Ms. Jacobs, and told her husband that Ms. Jacobs "was trouble." *Id.* Following the depositions, Dolgencorp sent a subpoena to Kent Center requesting, "Any and all records maintained in the ordinary course of business with respect to Amber Denise Olsen," including but not limited to Ms. Jacobs's personnel file, disciplinary records, and any complaint or investigation records. ECF 31-2.

EEOC seeks to quash the subpoena, on the grounds that the records it seeks are (1) disproportional; (2) irrelevant; and (3) intended to harass and embarrass Ms. Jacobs. ECF 31. Considering the criteria in Fed. R. Civ. P. 26, I agree. *See Cook v. Howard,* No. 11-1601, 2012 WL 3634451, at *6 (4th Cir. Aug. 24, 2012) (noting that Rule 45(c) factors for quashing a third-party subpoena "are co-extensive with the general rules governing all discovery that are set forth in Rule 26.").

EEOC bears the burden to establish that the subpoena should be quashed. *See Finley v. Trent,* 955 F.Supp. 642, 648 (N.D.W.Va. 1997) ("The burden is on the person objecting to discovery . . . to show that discovery should not be allowed."). That burden is met here. The subpoena is extremely broad, asking Kent Center for every record it maintains in connection with

---

[1] Ms. Jacobs has married since the case was filed using her maiden name, Amber Olsen. ECF 1.

Ms. Jacobs. While prior employment records can be relevant and discoverable as they bear on a party's credibility, the party seeking the records must demonstrate a "legitimate, good faith basis for Plaintiff's lack of credibility." *Singletary v. Sterling Transp. Co.,* 289 F.R.D. 237, 243 (E.D. Va. 2012). Although Ms. Jacobs's credibility will be important in this case, as it is in most cases, Dolgencorp has not proffered how Kent Center's records could inform the factfinder about Ms. Jacobs's credibility. Contrary to Dolgencorp's contention, ECF 33 at 2, it does not appear that Ms. Jacobs "omitted" Kent Center from her job application to Dolgencorp. Her application reflects her work as a CNA between 1997 and 2016, ECF 34-2, and her testimony made clear that she worked as an independent CNA contractor, during that lengthy window, at a number of facilities. The evidence does not reflect, then, that Ms. Jacobs intended to conceal employment at Kent Center or at any of the other facilities at which she performed the duties of a CNA during the almost twenty-year window.

Second, the only fact leading Dolgencorp to believe Kent Center's records might contain discoverable information is a secondhand assertion from Mr. Moses's wife that Ms. Jacobs "was trouble." ECF 4. As far as I am aware, Dolgencorp took no actions to delve into the meaning of that statement by engaging in a more appropriate form of discovery by, for example, interviewing or deposing Mrs. Moses about the basis for her alleged assertion. There is no reason to assume that Mrs. Moses's statement indicated that Ms. Jacobs had made prior allegations of sexual harassment or had any unpleasant interactions with Mrs. Moses directly. *See* ECF 33 at 4 ("Although it is unclear what occurred at the Kent Center, possible prior unsubstantiated allegations of harassment made at the Kent Center could show Ms. Olsen's propensity to fabricate such claims."). Moreover, Dolgencorp's assertion that she may have a "motive" to fabricate her claims, ECF 33 at 4, is entirely speculative. Absent further information, the unsubstantiated and unexplained assertion that Ms. Jacobs "was trouble" has no relevance to the instant action, particularly because in the instant case it is uncontroverted that Ms. Jacobs was a good employee. *See, e.g.,* ECF 34:1 at 81:11-13 (Mr. Moses's deposition testimony that Ms. Jacobs's job performance "was good").

In light of the analysis above, the records sought from Kent Center are overbroad, irrelevant, and carry the potential to embarrass Ms. Jacobs by revealing, for example, complaints about her nursing skills entirely unrelated to the instant action. Because the subpoena is a quintessential "fishing expedition," I will grant the requested protective order and quash the subpoena.

For the reasons set forth above, EEOC's Motion for Protective Order and For Order to Quash Subpoena to Kent Center, ECF 31, is GRANTED. Despite the informal nature of this letter, it should be flagged as an Opinion and docketed as an Order.

Sincerely yours,
/s/

Stephanie A. Gallagher
United States District Judge