IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) ) | Civil Action: 1:18-cv-02956 SAG |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| DOLGENCORP, LLC, | ) ) | |
| Defendant. | ) ) ) | |

## CONSENT DECREE

This action was instituted by Plaintiff, the U.S. Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), against Defendant Dolgencorp, LLC ("Defendant") alleging that Defendant violated Section 703(a)(1) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-2(a)(l), by sexually harassing Amber Olsen and then constructively discharging her.  A claim of constructive discharge is no longer before the Court.

The Commission and Defendant desire to resolve this action without the time and expense of continued litigation, and they desire to formulate a plan to be embodied in a Decree which will promote and effectuate the purposes of Title VII.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure and Title VII. Therefore, upon due consideration of the record herein and being fully advised in the premises, it is ORDERED, ADJUDGED AND DECREED:

1

**Scope of Decree**

1.      For purposes of this Decree, Defendant shall mean Dolgencorp, LLC, including any successors or purchasers while this Decree is in effect, and any corporation or entity into which Defendant may merge or with which Defendant may consolidate during such time.  In the event that there is a transfer of ownership of Defendant while this Decree is in effect, Defendant shall provide prior written notice to the transferee of the existence and contents of this Decree.

2.      This Decree resolves all issues and claims in the Complaint filed by the Commission in this Title VII action, which emanated from the Charge of Discrimination filed by Amber Olsen, Charge No. 531-2017-00088.  This Decree in no way affects the Commission's right to process any other pending or future charges that may be filed against Defendant and to commence civil actions on any such charges as the Commission sees fit.

3.      This Decree shall be in effect for a period of two years from the date it is entered by the Court ("the Term"). During that time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate the purposes of the Decree.

4.      The locations subject to this Decree are stores which were part of the District in which Store No. 00490 (Rock Hall, MD) and Store No. 14491 (Chesterton, MD) belonged in 2016 ("the Covered Facilities").   Those locations are identified in Appendix A to this Decree.

5.      This Decree, being entered with the consent of the EEOC and Defendant, shall not constitute an adjudication or finding on the merits of the case. Nothing contained in this Decree shall be construed as an admission by either Party as to the merits of any claim or defense of the other Party.

**Monetary Relief**

6.      Within thirty days of entry of this Decree, Defendant shall pay Amber Olsen monetary relief in the total gross amount of $50,000 in connection with the EEOC's claim on Olsen's behalf for nonpecuniary damages.  Defendant will issue to Olsen an IRS Form 1099 for this damages amount.

Within five days of the execution of the Decree, the EEOC shall provide Defendant's counsel with Olsen's current address.  The payments to Olsen will be made by check and will be sent directly to Olsen. A photocopy of the checks and related correspondence will be mailed to the EEOC, Baltimore Field Office, George H. Fallon Federal Building 31 Hopkins Plaza, Suite 1432, Baltimore Maryland 21201, Attention: Debra M. Lawrence.

**Injunctive Relief**

7.      During the term of this Consent Decree, Defendant is enjoined from engaging in sex discrimination by creating or maintaining a hostile work environment on the basis of sex, in violation of Title VII as set forth below:

> It shall be an unlawful employment practice for an employer -- (1) to discriminate against any individual with respect to [her] ... terms, conditions, or privileges of employment, because of such individual's ... sex ....

42 U.S.C. § 2000e-2(1).

**Investigation Guidelines**

8.      As Defendant already has in place a policy against harassment and retaliation against employees who report harassment, and procedures for the investigation of claims of harassment, Defendant will, within 30 days of entry of this decree, certify in writing to the EEOC that the District Manager and Employee Relations Manager(s) with responsibility for the Covered Facilities have reviewed and have been instructed to follow those policies and

procedures when receiving and investigating allegations of sexual harassment made known to them.  Defendant will further certify that those individuals have been made aware that sexual harassment can occur outside the presence of third parties and outside the presence of Closed Circuit Television ("CCTV"), that an alleged victim's account of events, if believed, can support a finding that harassment has occurred, and that if it is determined that the complainant and accused should be physically separated during the investigation, that the complainant's involuntary removal is not preferred.  If the District Manager or Employee Relations Manager over the Covered Facilities should change during the term of this Decree, the same obligations shall apply as to the successor District Manager or Employee Relations Manager.

## Notice and Posting

9.      Defendant will display and maintain the EEOC poster in the Covered Facilities in a place visually accessible to employees of Defendant.

## Anti-Discrimination Training

10.     Within six months from the entry of this Decree, Defendant shall provide training on Defendant's policies against sexual harassment and discrimination to the District Manager and Store Managers of the Covered Facilities.  The training will include those topics covered by the training program developed by Defendant subsequent to the events underlying the EEOC's claim in this action, such as an explanation of Defendant's Anti-Discrimination and Harassment Policy, Zero Tolerance Policy, and Open Door Policy; the consequences for violations of Defendant's policy against harassment; examples of conduct that is prohibited; the importance of the recipient's perception when determining whether conduct is unwelcome; an explanation of manager roles to create a respectful workplace and prevent harassment; methods to facilitate reporting of allegations of harassment; an explanation of managers' responsibility to act promptly

in response to information received concerning potential harassment; instruction on others who should be made aware promptly of allegations of potential harassment for further investigation, such as Human Resources or Defendant's Employee Response Center; and assurance that all reports of harassment will be promptly and thoroughly investigated.  Such training may be conducted using computer-based learning, and if an employee has already received such training within the six months prior to entry of this Decree he or she will be considered to have met the training obligation described in this paragraph.  Within seven months of entry of this Decree, Defendant will furnish the EEOC with written documentation confirming that Defendant has complied with the training requirement set forth in this paragraph.

### Additional Monitoring Provisions

11.     For the duration of this Decree, Defendant shall maintain records of all instances in which an employee assigned to its Chestertown, Maryland or Rock Hall, Maryland stores, reported allegations of sexual harassment through its Employee Response Center.  Within three months after entry of this Decree and annually for the duration of the Decree, Defendant shall provide EEOC with a written report containing, at a minimum, the name of the person who reported allegations of sexual harassment during the reporting period, the dates of the alleged harassment and complaint, the nature of the harassment reported, and a statement of the outcome of the investigation including any disciplinary actions taken and any restorative actions taken in favor of the complaining employee. In the event there is no activity to report pursuant to this paragraph, Defendant shall send the EEOC a "negative" report indicating no activity. A final report shall be sent to EEOC 15 business days before the date of the expiration of this Decree.

12.     In addition to the monitoring provisions set forth elsewhere in this Decree, EEOC may monitor compliance with this Decree until its expiration by requesting relevant,

responsive, and non-privileged information from Defendant as is reasonably necessary to assess

compliance. The EEOC and Defendant shall work cooperatively to determine the information

needed to confirm compliance.

13.     If at any time the Commission believes that Defendant is in violation of this

Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall

have 30 days in which to investigate and respond to the allegations. Thereafter, the parties shall

then have a period of 30 days or such additional period as may be agreed upon by them, in which

to engage in negotiation regarding such allegations before the Commission seeks enforcement of

the Decree.

14.     All notices to Defendant by the Commission pursuant to this Consent

Decree shall be sent via first class and electronic mail to:

Brittany L. Adams
Senior Director, Labor and Employment
Dollar General Corporation
100 Mission Ridge
Goodlettsville TN 37072
E-mail: badams@dollargeneral.com

With copy to:

Stanley E. Graham
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville TN 37219
E-mail: stan.graham@wallerlaw.com

All materials required by this Decree to be sent to the EEOC shall be addressed to:

Equal Employment Opportunity Commission
Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore Maryland 21201
Attention: Debra M. Lawrence
debra.lawrence@eeoc.gov

6

15.     The Commission and Defendant shall bear their own costs and attorneys'

fees.

16.     The undersigned counsel of record in the above-captioned action hereby

consent, on behalf of their respective clients, to the entry of the foregoing Consent Decree.

FOR DEFENDANT:                                      FOR PLAINTIFF:

*/s/ Stanley E. Graham*                             Gwendolyn Young Reams
(Signed by Maria Salacuse with permission           Acting General Counsel
of Stanley E. Graham)
Jaime W. Luse (Bar. No. 27394)
Emelia N. Hall (Bar No. 19978)                      */s/ Debra M. Lawrence*
Tydings & Rosenberg, LLP                            Debra M. Lawrence (Bar No. 04312)
One East Pratt Street, Suite 901                    Regional Attorney
Baltimore, Maryland 21202                           (Signed by Maria Salacuse with permission
Tel. (410) 752-9700                                 Debra M. Lawrence)
Facsimile (410) 727-5460
Email: jluse@tydingslaw.com
       ehall@tydingslaw.com
                                                    */s/ Maria Salacuse*
Stanley E. Graham (admitted *pro hac vice*)         Maria Salacuse (Bar No. 15562)
Frederick L. Conrad III (admitted *pro hac vice*)   Assistant General Counsel
Waller Lansden Dortch & Davis LLP
511 Union Street, Suite 2700                         Equal Employment Opportunity
Nashville, Tennessee 37219                           Commission – Baltimore Field Office
Tel. (615) 244-6380                                  31 Hopkins Plaza, Suite 1432
Facsimile (615) 244-6804                             Baltimore, Maryland 21201
Email: Stan.Graham@wallerlaw.com                     Tel. (410) 209-2734
       Trip.Conrad@wallerlaw.com                     Facsimile (410) 209-2111
                                                     Email: debra.lawrence@eeoc.gov


*Counsel for Defendant, Dolgencorp LLC*              *Counsel for Plaintiff EEOC*


        IT IS SO ORDERED this 6th day of April, 2021.


_____
Stephanie A. Gallagher
United States District Judge

Appendix A

| 370 | FEDERALSBURG | MD |
|---|---|---|
| 372 | POCOMOKE CITY | MD |
| 437 | CRISFIELD | MD |
| 465 | PRINCESS ANNE | MD |
| 489 | BERLIN | MD |
| 490 | CHESTERTOWN | MD |
| 544 | SALISBURY | MD |
| 1636 | SNOW HILL | MD |
| 4472 | SALISBURY | MD |
| 4517 | CAMBRIDGE | MD |
| 7568 | FRUITLAND | MD |
| 8002 | DENTON | MD |
| 11709 | SALISBURY | MD |
| 13193 | PITTSVILLE | MD |
| 13998 | CENTREVILLE | MD |
| 14465 | RIDGELY | MD |
| 14491 | ROCK HALL | MD |
| 14710 | MARDELA SPRINGS | MD |
| 16811 | SALISBURY | MD |
| 16880 | BERLIN | MD |